**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for GSAMP TRUST 2007-HE1,

        Plaintiff,

        -against-

GOLDMAN SACHS MORTGAGE COMPANY,
and GS MORTGAGE SECURITIES CORP.,

        Defendants.

---

Civil Action No.

**NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. ("Defendants"), by and through their undersigned attorneys, hereby remove the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal state as follows:

### I.    PROCEDURAL MATTERS

1.    On February 15, 2019, Plaintiff filed this action in the Supreme Court of the State of New York, County of New York, pursuant to a Summons with Notice (the "Summons"). The Summons alleges—without any factual support — that a significant percentage of mortgage loans securitized in the GSAMP Trust 2007-HE1 offering did not comply with applicable representations and warranties, and that Defendants have not complied with their contractual obligations, including to cure or repurchase the allegedly breaching mortgage loans. The Summons asserts claims for breach of contract, declaratory judgment and gross negligence, and seeks specific performance or damages of no less than $500,000.

2.    Plaintiff has not served any Defendant with the Summons.

3.      Defendants' time to respond to the Summons by demand for complaint, answer or motion to dismiss has not expired, and Defendants have not served or filed a demand, answer or motion.

4.      Because Defendants filed this Notice of Removal within thirty days of receipt of the Summons, removal is timely under 28 U.S.C. § 1446(b).

5.      In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.  Defendants will serve all parties with a copy of this Notice of Removal.

6.      No documents have been served on Defendants, and therefore no documents are required to be attached to this notice 28 U.S.C. § 1446(a).  A copy of the Summons as filed on the State Court docket is attached as Exhibit A.  No other documents have been filed in the Action.

7.      All Defendants join in this Notice of Removal.

## II.      BASIS OF REMOVAL

8.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff is diverse of citizenship from all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      On information and belief, Plaintiff U.S. Bank N.A., is a federally-chartered bank, which designated Cincinnati, Ohio in its articles of incorporation as its main office.  On information and belief, Plaintiff U.S. Bank N.A. maintains its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

10.      For diversity citizenship, a "national bank is a citizen only of the state listed in its articles of association as its main office."  *OneWest Bank, N.A.* v. *Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

11.    Defendant Goldman Sachs Mortgage Company is a partnership organized under the laws of New York.  The sole limited partner of Goldman Sachs Mortgage Company is Goldman Sachs Bank USA, a New York State-chartered bank with its principal place of business at 200 West Street, New York, New York 10282.  The sole general partner of Goldman Sachs Mortgage Company is Goldman Sachs Real Estate Funding Corp., a New York corporation with its principal place of business at 200 West Street, New York, New York 10282.

12.    Defendant GS Mortgage Securities Corp. is a corporation organized under the laws of Delaware and is a wholly-owned subsidiary of MCP Holding Company, LLC. Defendant GS Mortgage Securities Corp. maintains its principal place of business at 200 West Street, New York, New York 10282.

13.    No Defendant is a citizen of the states of Ohio or Minnesota.

14.    Plaintiff seeks specific performance of contracts or, in the alternative, damages of no less than $500,000.  Although defendants dispute all allegations that plaintiff has been damaged, the alleged value of specific performance of the contracts exceeds $75,000, exclusive of interest and costs.

15.    Because defendants have not been "properly joined and served," removal is permitted pursuant to 28 U.S.C. § 1441(b)(2).  *Cheung* v. *Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638 (S.D.N.Y. 2017); *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, 2008 WL 2940560, at *2 (S.D.N.Y. July 29, 2008); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003).

16.    Accordingly, the Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) because the case is between citizens of different states

3

and citizens or subjects of foreign states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, Defendants respectfully request that the above-referenced State Court Action be removed from the Supreme Court of the State of New York, County of New York, and that this honorable Court accept jurisdiction of the case, and for any relief this Court deems just and proper.

5

Dated:  March 14, 2019         By:  /s/ Richard A. Jacobsen

ORRICK, HERRINGTON & SUTCLIFFE LLP
  Richard A. Jacobsen
  51 West 52nd Street
  New York, New York 10019
  Telephone: (212) 506-5000
  Facsimile: (212) 506-5151
  rjacobsen@orrick.com

*Attorneys for Defendants Goldman Sachs Mortgage
Company and GS Mortgage Securities Corp.*

5