**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for GSAMP TRUST 2007-HE1,

        Plaintiff,

        -against-

GOLDMAN SACHS MORTGAGE COMPANY,
and GS MORTGAGE SECURITIES CORP.,

        Defendants.

Civil Action No. 1:19-cv-02305

**NOTICE TO PLAINTIFF OF REMOVAL**

To:    Attorneys for Plaintiff:
        Christopher P. Johnson
        Gayle R. Klein
        Zachary W. Mazin
        MCKOOL SMITH, P.C.
        One Bryant Park, 47th Floor
        New York, New York 10036
        Tel: (212) 402-9400
        Fax: (212) 402-9444
        cpjohnson@mckoolsmith.com
        gklein@mckoolsmith.com
        zmazin@mckoolsmith.com

PLEASE TAKE NOTICE that Defendants Goldman Sachs Mortgage Company and GS

Mortgage Securities Corp. ("Defendants"), on the 14th day of March, 2019, by and through their

undersigned attorneys, have filed a Notice of Removal in the United States District Court for the

Southern District of New York for removal of an action filed by U.S. Bank National Association,

as Trustee for GSAMP Trust 2007-HE1, in the Supreme Court of the State of New York, County

of New York, styled *U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE1 v.*

*Goldman Sachs Mortgage Company, and GS Mortgage Securities Corp.*, No. 650992/2019 (the

"GS 2007-HE1 Action").

1

FURTHER TAKE NOTICE that Defendants have at the same time filed with the United States District Court for the Southern District of New York a copy of the Summons with Notice filed in the GS 2007-HE1 Action.

A copy of the Notice of Removal is attached to this Notice and is hereby served upon U.S. Bank National Association, as Trustee for GSAMP Trust 2007-HE1.

Dated: March 14, 2019   By: /s/ Richard A. Jacobsen

ORRICK, HERRINGTON & SUTCLIFFE LLP
Richard A. Jacobsen
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
rjacobsen@orrick.com

*Attorneys for Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for GSAMP TRUST 2007-HE1,

                Plaintiff,

            -against-

GOLDMAN SACHS MORTGAGE COMPANY,
and GS MORTGAGE SECURITIES CORP.,

               Defendants.

-------------------------------------------------------------

Civil Action No.

**NOTICE OF REMOVAL**

**NOTICE OF REMOVAL**

Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp. ("Defendants"), by and through their undersigned attorneys, hereby remove the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for removal state as follows:

**I.      PROCEDURAL MATTERS**

1.      On February 15, 2019, Plaintiff filed this action in the Supreme Court of the State of New York, County of New York, pursuant to a Summons with Notice (the "Summons"). The Summons alleges—without any factual support — that a significant percentage of mortgage loans securitized in the GSAMP Trust 2007-HE1 offering did not comply with applicable representations and warranties, and that Defendants have not complied with their contractual obligations, including to cure or repurchase the allegedly breaching mortgage loans. The Summons asserts claims for breach of contract, declaratory judgment and gross negligence, and seeks specific performance or damages of no less than $500,000.

2.      Plaintiff has not served any Defendant with the Summons.

3.      Defendants' time to respond to the Summons by demand for complaint, answer or motion to dismiss has not expired, and Defendants have not served or filed a demand, answer or motion.

4.      Because Defendants filed this Notice of Removal within thirty days of receipt of the Summons, removal is timely under 28 U.S.C. § 1446(b).

5.      In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.  Defendants will serve all parties with a copy of this Notice of Removal.

6.      No documents have been served on Defendants, and therefore no documents are required to be attached to this notice 28 U.S.C. § 1446(a).  A copy of the Summons as filed on the State Court docket is attached as Exhibit A.  No other documents have been filed in the Action.

7.      All Defendants join in this Notice of Removal.

## II.     BASIS OF REMOVAL

8.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff is diverse of citizenship from all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      On information and belief, Plaintiff U.S. Bank N.A., is a federally-chartered bank, which designated Cincinnati, Ohio in its articles of incorporation as its main office.  On information and belief, Plaintiff U.S. Bank N.A. maintains its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402.

10.      For diversity citizenship, a "national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A.* v. *Melina*, 827 F.3d 214, 219 (2d Cir. 2016).

2

11.     Defendant Goldman Sachs Mortgage Company is a partnership organized under the laws of New York.  The sole limited partner of Goldman Sachs Mortgage Company is Goldman Sachs Bank USA, a New York State-chartered bank with its principal place of business at 200 West Street, New York, New York 10282.  The sole general partner of Goldman Sachs Mortgage Company is Goldman Sachs Real Estate Funding Corp., a New York corporation with its principal place of business at 200 West Street, New York, New York 10282.

12.     Defendant GS Mortgage Securities Corp. is a corporation organized under the laws of Delaware and is a wholly-owned subsidiary of MCP Holding Company, LLC. Defendant GS Mortgage Securities Corp. maintains its principal place of business at 200 West Street, New York, New York 10282.

13.     No Defendant is a citizen of the states of Ohio or Minnesota.

14.     Plaintiff seeks specific performance of contracts or, in the alternative, damages of no less than $500,000.  Although defendants dispute all allegations that plaintiff has been damaged, the alleged value of specific performance of the contracts exceeds $75,000, exclusive of interest and costs.

15.     Because defendants have not been "properly joined and served," removal is permitted pursuant to 28 U.S.C. § 1441(b)(2).  *Cheung* v. *Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638 (S.D.N.Y. 2017); *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, 2008 WL 2940560, at *2 (S.D.N.Y. July 29, 2008); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003).

16.     Accordingly, the Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(2) because the case is between citizens of different states

3

and citizens or subjects of foreign states and the amount in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs.

WHEREFORE, Defendants respectfully request that the above-referenced State Court

Action be removed from the Supreme Court of the State of New York, County of New York, and

that this honorable Court accept jurisdiction of the case, and for any relief this Court deems just

and proper.

Dated:  March 14, 2019           By:   /s/ Richard A. Jacobsen

ORRICK, HERRINGTON & SUTCLIFFE LLP
Richard A. Jacobsen
51 West 52nd Street
New York, New York 10019
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
rjacobsen@orrick.com

*Attorneys for Defendants Goldman Sachs Mortgage Company and GS Mortgage Securities Corp.*

5

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, as Trustee
for GSAMP TRUST 2007-HE1,

             Plaintiff,

          -against-

GOLDMAN SACHS MORTGAGE COMPANY, and
GS MORTGAGE SECURITIES CORP.,

             Defendants.

---

Index No. \_\_\_\_\_

**SUMMONS WITH NOTICE**

Plaintiff designates New York
County as the place of trial

Venue is proper in this County
pursuant to CPLR § 503

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to appear in this action by serving a copy of your notice of appearance upon the undersigned within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

This Court has jurisdiction over this proceeding pursuant to CPLR §§ 301 and 302 because Goldman Sachs Mortgage Company ("GSMC" or "Sponsor") and GS Mortgage Securities Corp. ("GSMSC" or "Depositor" and, together with GSMC, "Defendants") each has its principal place of business and offices in New York, each regularly transacts business in New York that is continuous and systematic so as to render New York its home, and each engaged in conduct in New York that gave rise to Plaintiff's claims. Additionally, the Trust (defined below) was formed under New York law, pursuant to a PSA (defined below) out of which this action arises and to which Defendants are parties that contains a New York choice

of law provision.  Venue is proper in this County pursuant to CPLR § 503(a) and (c) because multiple parties reside in this County, and because a substantial part of the events giving rise to the claims occurred in this County.

**NOTICE:**

1.     This is an action for specific performance or, alternatively, damages and other relief against Defendants for breach of contract in connection with the securitization of mortgage loans (the "Mortgage Loans") that closed on February 23, 2007 (the "Closing Date") and that is governed by that certain Pooling and Servicing Agreement (the "PSA"), dated as of February 1, 2007, by and among GSMSC as Depositor; Avelo Mortgage L.L.C., as Servicer; U.S. Bank National Association, as a Custodian; Deutsche Bank National Trust Company, as a Custodian; Wells Fargo Bank, National Association, as Master Servicer and Securities Administrator; and LaSalle Bank National Association as trustee.  U.S. Bank National Association ("Plaintiff," "U.S. Bank" or "Trustee") was subsequently appointed as successor-Trustee and currently serves as the Trustee of the Trust.  The PSA attaches Exhibit A through Exhibit EE, and the PSA and those Exhibits reference various integrated agreements (collectively, the "Trust Agreements").  Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Trust Agreements.

2.     GSMC, as Sponsor, purchased or otherwise acquired certain Mortgage Loans from various loan originators and loan sellers pursuant to various agreements, including but not limited to Purchase Agreements (which are attached as Exhibit Y through and including Exhibit BB to the PSA and as that term is defined by the PSA) and certain agreements referenced in the Representations and Warranties Agreement (the "RWA" attached as Exhibit S to the PSA).

3. The Sponsor conveyed the Mortgage Loans to GSMSC, the Depositor, pursuant to various integrated agreements, including but not limited to a Bill of Sale and Assignment Agreements.

4. The Depositor conveyed to the Trust Fund, among other things, the Mortgage Loans, and the Trust Fund constitutes the corpus of the Trust established by the PSA.

5. Approximately 3,625 Mortgage Loans were securitized into the Trust, with an aggregate principal balance of approximately $667,720,183.

6. The Depositor also conveyed to the Trustee for the benefit of the Certificateholders all the right, title, and interest of the Depositor (GSMSC) in and to the Trust Fund.

7. In addition to containing the Mortgage Loans, the Trust Fund also includes, among other things, the Trust's rights under the RWA and the Assignment Agreements. The RWA and Assignment Agreements contain numerous representations and warranties regarding the credit quality, supporting documentation for and other characteristics of the Mortgage Loans, including those referenced and integrated from the Trust Agreements (the "Mortgage Warranties").

8. As set forth in the PSA, the Trustee accepted the Trust Fund on behalf of the Trust and assumed (solely in its capacity as Trustee) the obligations of the Depositor under the RWA and the Assignment Agreements from and after the Closing Date and solely insofar as they relate to the Mortgage Loans. The Depositor's rights and benefits pursuant to the RWA and the Assignment Agreements inured to the benefit of the Trust or to the Trustee on behalf of the Trust.

3

9. Upon conveyance of the Mortgage Loans to the Trust, the Depositor assigned to the Trustee certain of its rights with respect to the Mortgage Loans, including its right to enforce the Mortgage Warranties. The Trustee was authorized in certain circumstances to enforce those rights for the benefit of the Trust and the holders of the Certificates issued by the Trust.

10. Pursuant to the PSA, the Trustee is authorized in certain circumstances to act under the RWA and the Assignment Agreements upon the discovery of a breach of a representation or warranty to enforce the rights of the Trust. GSMSC, as Depositor, obligated itself to use reasonable efforts to assist the Trustee in enforcing the obligations of its affiliate, GSMC, as Sponsor.

11. Pursuant to the RWA, GSMC made various Mortgage Warranties in connection with the sale of Mortgage Loans by GSMC to the Depositor regarding the Mortgage Loans referenced in the RWA that it had acquired from various loan sellers and originators. Certain of the Mortgage Warranties include, but are not limited to, representations and warranties such as: the Mortgage Loans complied with specified underwriting standards or policies; that no fraud, error, omission, misrepresentation, negligence, or similar occurrence with respect to a Mortgage Loan has taken place on the part of any Person; and the information with respect to each Mortgage Loan on the Mortgage Loan Schedule is true and correct in all material respects.

12. GSMC agreed in the RWA that, in the event that a Mortgage Loan breached any Mortgage Warranties in a way that materially and adversely affects the value of the Mortgage Loan, it would cure the breach or repurchase the breaching Mortgage Loan within 60 days of the earlier of discovering or receiving notice of the breach.

4

13.    Pursuant to the Assignment Agreements, GSMC as Assignor conveyed to the Depositor all of the right, title and interest of the Assignor (GSMC) as purchaser, in, to and under (a) certain Mortgage Loans identified in those Assignment Agreements (including in the Exhibits thereto) and (b) the Purchase Agreements[1] between the Assignor (GSMC) as purchaser (in such capacity, the "Purchaser"), and the Companies,[2] as seller.

14.    In connection with GSMC's conveyance of the Mortgage Loans to GSMSC in the Assignment Agreements, GSMC made various Mortgage Warranties with respect to each Mortgage Loan for the benefit of the Assignee (GSMSC) and the Trust.  And, GSMC agreed that, within 60 days of the earlier of either discovery by or notice to GSMC, of any breach of any of the Mortgage Warranties that materially and adversely affects the value of any Mortgage Loan or the interest of the Assignee or the Trust therein, GSMC shall cure, purchase or cause the purchase of the applicable Mortgage Loan at the Repurchase Price set forth in the Pooling Agreement.

15.    The Assignment Agreements inured to the benefit of (i) the successors and assigns of the parties thereto and (ii) the Trust or to the Trustee on behalf of the Trust.

16.    Additionally, in the Purchase Agreements referenced in the Assignment Agreements, the Sellers of the Mortgage Loans made numerous Mortgage Warranties regarding the Mortgage Loans to GSMC that inured to the benefit of GSMSC and then subsequently were assigned to the Trust or Trustee on behalf of the Trust pursuant to the Assignment Agreements.  The rights to obtain remedies for breaches of the Mortgage

[1] The Purchase Agreements reference the Aames Purchase Agreement, the NovaStar Purchase Agreement, the First Horizon Purchase Agreement or the Decision One Purchase Agreement, as applicable.

[2] The Companies reference each Company in each Assignment Agreement, including Aames Capital Corporation, First Horizon Home Loan Corporation, NovaStar Mortgage Inc., Decision One Mortgage Company, LLC as specified in the Assignment Agreements and as applicable.

5

Warranties likewise were assigned to the Trust or Trustee on behalf of the Trust pursuant to the Assignment Agreements.

17.    By the time of origination or thereafter, Defendants discovered Mortgage Loans breaching Mortgage Warranties, where such breaches materially and adversely affected and affect the value of such Mortgage Loans or the interests of the Trust's Certificateholders in such Mortgage Loans ("Defective Loans").  In breach of their obligations, Defendants failed to notify the Trustee of those Defective Loans.

18.    For example, an investigation into the Mortgage Loans conducted by a certificateholder revealed that at least 617 Mortgage Loans do not comply with one or more of the Mortgage Warranties and that the breaches of the Mortgage Warranties materially and adversely affected and affect the value of the Mortgage Loans (the "Certificateholder's Notice").

19.    Upon receiving the Certificateholder's Notice of those breaching Mortgage Loans, the Trustee sent the Certificateholder's Notice to Defendants (among other parties) on December 21, 2018, and demanded that Defendants either cure the breaches or repurchase the Defective Loans pursuant to their obligations.  Defendants have not responded to the Trustee's demand, GSMC has not cured any of the identified breaches, GSMC has not repurchased any of the Defective Loans, and the Depositor has not assisted the Trustee in enforcing the obligations of GSMC.

20.    The existence of the breaches identified in the Certificateholder's Notice and other breaches is reinforced by GSMC's admission that its diligence vendors found severe underwriting and compliance issues in 23 percent of the loans it reviewed during the 2005 - 2007 time period.  As the U.S. Department of Justice ("DOJ") found – and

6

GSMC acknowledged – despite finding significant problems in the due diligence samples it reviewed, GSMC "did not increase the size of the sample or review the unsampled portions of the pools to identify and eliminate any additional loans with credit exceptions. GSMC failed to do this even when the samples included significant numbers of loans with credit exceptions." DOJ Statement of Facts ("SUF"), p. 6.[3] In other words, GSMC sampled the loan pools it was securitizing, learned that the loan pools were rife with Defective Loans, and then left unsampled Defective Loans in the loan pools that were securitized (including the loans in the Trust).

21. Defendants were also obligated, among other things, to ensure that there were neither missing, nor defective, Mortgage Loan Documents associated with the Mortgage Loans. Defendants have not complied with their obligations, as many of the Mortgage Loans conveyed to the Trust were missing certain Mortgage Loan Documents and/or had certain defective Mortgage Loan Documents.

22. The Trust owned approximately 3,625 loans as of the Closing Date on February 23, 2007. The Certificateholder's investigations into the Mortgage Loans to date indicate that a significant percentage of the Mortgage Loans reviewed did not comply with the applicable Mortgage Warranties.

23. Additional investigation, including analysis of missing or defective documents in the Mortgage Loan files and re-underwriting of the Mortgage Loan files themselves, will reveal substantial additional evidence of breaches throughout each of the Trust's Mortgage Loans. And the Trustee specifically reserves the right based upon further investigations to

---

[3] The SUF is available at: https://www.justice.gov/opa/file/839901/download. The Goldman Sachs Group, Inc. agreed to the SUF on behalf of itself and its subsidiaries and affiliates, including GSMC, as part of its settlement with the DOJ of claims concerning its marketing and structuring of RMBS, including the securities that underlie the Trust.

7

identify additional Mortgage Loans that breach the Mortgage Warranties for which claims will be made. Each of the 617 Mortgage Loans identified to Defendants in the Certificateholder's Notice breaches at least one of GSMC and/or First Horizon's Mortgage Warranties and those breaches materially and adversely affected and affect the value of the Mortgage Loans.

24. Upon information and belief, the breaches of Mortgage Warranties and document defects are likely pervasive throughout the Mortgage Loans securitized in the Trust and are the result of gross negligence on the part of the Defendants. As such, there are additional Mortgage Loans in the Trust, beyond those already specifically identified, that do not comply with the Mortgage Warranties.

25. Defendants' breaches and their failures to notify the Trustee of those breaches have had a material and adverse effect on the Mortgage Loans, the Trust and its Certificateholders. Accordingly, Plaintiff seeks enforcement of the PSA and related Trust Agreements compelling Defendants to specifically perform their contractual obligation to repurchase Mortgage Loans, or otherwise compensate the Trust, with respect to all Defective Loans. Plaintiff has performed its obligations under the relevant contracts.

26. Plaintiff's causes of action arising from the foregoing include breach of contract, declaratory judgment and gross negligence. The relief Plaintiff seeks includes, but is not limited to:

- Specific performance of Defendants' contractual obligations to repurchase all defective Mortgage Loans at the Repurchase Price;

- In the alternative, damages in an amount no less than $500,000 to be determined at trial;

8

- An award of pre-judgment interest and post-judgment interest at the rates prescribed by law;

- Reimbursement of the Trustee's costs and expenses, including reasonable attorneys' fees and expert fees; and

- All other relief at law or in equity, including but not limited to punitive damages if and to the extent supported by the evidence, to which the Trustee, on behalf of the Trust, may be entitled.

YOU ARE HEREBY NOTIFIED that, on your failure to appear or answer, a default judgment will be entered against you (i) declaring that you have materially breached the PSA and related Trust documents; (ii) in an amount to be determined at trial; and (iii) to include the Trustee's costs and expenses, including attorneys' fees and expert fees.

Dated: New York, New York
      February 15, 2019

MCKOOL SMITH, P.C.

By: _____
      Christopher P. Johnson
      Gayle R. Klein
      Zachary W. Mazin
One Bryant Park, 47th Floor
New York, NY 10036
cpjohnson@mckoolsmith.com
gklein@mckoolsmith.com
zmazin@mckoolsmith.com
(t) (212) 402-9400
(f) (212) 402-9444

*Attorneys for Plaintiff*

9