In 19cv2305, Plaintiff-Trustee shall serve the complaint by July 25, 2019 and the initial pretrial conference currently scheduled for August 9, 2019 is hereby adjourned to 3:45 p.m. on September 6, 2019, pending Defendants' response to the complaint. In 19cv2307, the initial pretrial conference is hereby adjourned sine die. Within one week of the District of Minnesota's decision on the TIP for the GSAMP 2007-HE2 Trust, Plaintiff-Trustee shall serve the complaint in that action on Defendants and request that the Court schedule a status conference.
SO ORDERED.

JUL 2 5 2019

**VIA ECF**

Hon. Alison J. Nathan, U.S.D.J.
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

RE: *U.S. Bank National Association, as Trustee of GSAMP Trust 2007-HE1 v. Goldman Sachs Mortgage Company L.P. & GS Mortgage Securities Corp.* (Case No. 1:19-cv-02305)

*U.S. Bank National Association, as Trustee of GSAMP Trust 2007-HE2 v. Goldman Sachs Mortgage Company L.P. & GS Mortgage Securities Corp* (Case No. 1:19-cv-02307)

Dear Judge Nathan:

On behalf of the Plaintiff-Trustee and the Defendants (together, the "Parties") in these related actions, we write pursuant to Your Honor's July 1, 2019 Order to advise the Court of the status of the Minnesota Trust Instruction Proceeding ("TIP") for each of the GSAMP 2007-HE1 and GSAMP 2007-HE2 Trusts. (*See* Dkt. Nos. 16 &17 for GSAMP 2007-HE1 and GSAMP 2007-HE2, respectively.)

On July 17, 2019, the Minnesota District Court for Ramsey County issued an order deciding the TIP for the GSAMP 2007-HE1 Trust and authorizing the Trustee to proceed with the GSAMP 2007-HE1 action before Your Honor. (Ex. A.) The same day, the Minnesota District Court also so-ordered a stipulation submitted by the parties in the GSAMP 2007-HE2 TIP that sets August 9, 2019 as the discovery cutoff and September 23, 2019 as the final date any party may submit briefing in the matter. (Ex. B.) The Parties conferred last week regarding the appropriate procedure going forward and have not reached agreement. Accordingly, we set forth below the respective positions of the Parties.

**Plaintiff-Trustee's Position**

The Trustee proposes that the GSAMP 2007-HE1 action proceed in the ordinary course, beginning with service of the complaint by July 25, 2019,[1] the preparation and submission of a proposed case management order, and appearance at the initial pretrial conference on Friday,

---

[1] As Your Honor is aware, Plaintiff-Trustee commenced these actions in New York State Supreme Court by filing a summons with notice and these actions were removed to this Court prior to complaints being demanded or served. On May 22, 2019, Your Honor "so ordered" the Parties' stipulation, pursuant to which "[t]he complaints in each Action shall be served by June 28, 2019 or five business days after the Minnesota District Court enters an order resolving the [TIP] for each Trust, whichever is later." (*See* Dkt. Nos. 14 & 15 for GSAMP 2007-HE1 and GSAMP 2007-HE2, respectively.)

SO ORDERED: 7/25/19

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

August 9, 2019 at 3:00 p.m. With respect to GSAMP 2007-HE2, the Trustee proposes that the initial pretrial conference currently scheduled for August 9th be adjourned *sine die* until such time as the Minnesota District Court authorizes the Trustee to proceed in that action.

Defendants have indicated that they intend to move to dismiss the GSAMP 2007-HE1 complaint. The Trustee proposes that the Parties begin briefing any such motion in the ordinary course. There may not be any case-dispositive differences between the two trusts, and the Court's resolution of any GSAMP 2007-HE1 motion to dismiss may be applicable to GSAMP 2007-HE2, without the need for additional briefing. And, assuming that the Trustee is eventually authorized to proceed in GSAMP 2007-HE2, the Trustee believes that GSAMP 2007-HE2 could likely "catch up" to GSAMP 2007-HE1.

The Trustee proposes that, while the Parties litigate the GSAMP 2007-HE1 motion to dismiss, the Parties limit discovery to an exchange of Rule 26 initial disclosures and the collection (including from non-parties) of loan tapes, loan files, servicing files and underwriting guidelines, while deferring more general discovery until after the motion is resolved. Based upon its experience in many other residential mortgage-backed securities actions, the Trustee believes that collecting those materials is a necessary first step for all fact and expert discovery that follows. By proceeding in this fashion, the Parties can use the time productively without imposing significant discovery burdens on each other.

The Trustee does not believe there is any merit to Defendants' suggestion that litigation of GSAMP 2007-HE1 be stayed until the Minnesota District Court decides whether to authorize the Trustee to proceed in GSAMP 2007-HE2. First, based upon the GSAMP 2007-HE2 schedule entered yesterday by the Minnesota District Court, briefing will not be completed for another two months, and, after that briefing is complete, that court may hold a hearing on the matter, but there is no current indication when the court will hold that hearing or otherwise rule. Accordingly, Defendants are proposing an indefinite delay. Second, because there is no certainty that the Minnesota District Court will even authorize the Trustee to proceed with the GSAMP 2007-HE2 action, the delay may be entirely unnecessary. Third, in light of the need to collect loan tapes, loan files, servicing files and guidelines as expeditiously as possible, the Trustee believes that a delay in that step will have cascading effects on the discovery schedule in GSAMP 2007-HE1.

**Defendants' Position**

Defendants propose that, for purposes of judicial efficiency and avoiding duplicative litigation, proceedings with respect to the GSAMP 2007-HE1 action be briefly paused during the pendency of the GSAMP 2007-HE2 TIP, so that the two related cases may move forward together and on the same timeline, should action on GSAMP 2007-HE2 also be authorized.

Judge Gilligan issued his order in the GSAMP 2007-HE1 TIP just one month after a hearing was held in that case. Judge Gilligan is now poised to move in a similarly swift fashion in deciding the GSAMP 2007-HE2 TIP and, accordingly, Defendants expect a final order will

likely be issued within the next three months. Plaintiff-Trustee waited more than twelve years after the securitizations at issue closed to commence these actions. Plaintiff-Trustee will not be prejudiced by an additional three-month delay to the start of one of the two cases at issue and if GSAMP 2007-HE2 also proceeds, the Court will benefit from significant efficiency gains by moving the related cases forward on coordinated timelines.

If action on GSAMP 2007-HE2 is also authorized, there will be significant overlap on legal and factual issues in the two cases, including with respect to motion practice and discovery. The two cases involve the same parties, the trusts at issue were created within one month of each other, the deal documents governing the transactions overlap considerably, and the summonses with notice assert identical causes of action and seek the same relief. Indeed, this Court has already accepted the two cases as related. Other courts in New York have coordinated putback cases involving the same parties on the same schedule, most notably in the Part 60 cases in front of Justice Friedman in the Supreme Court of the State of New York, New York County. There is also a high likelihood of substantial overlap among the recipients of non-party subpoenas, making it sensible to keep the cases aligned in the interests of convenience to non-parties.

Accordingly, the Defendants propose that the parties file a joint status update regarding the GSAMP 2007-HE2 TIP on August 9, 2019, when discovery in that case is scheduled to close, or within two business days of any order the Minnesota court enters with respect to the GSAMP 2007-HE2 Trust, whichever is sooner. The Defendants also propose and request, pursuant to Rule 1.D of this Court's Individual Practices, a further adjournment of the Pretrial Conference in the GSAMP 2007-HE1 and GSAMP 2007-HE2 actions; that conference being currently scheduled for Friday, August 9, 2019 at 3:00 p.m.[2] The Defendants respectfully request permission to propose new dates for the Pretrial Conference within three business days after a final order is issued in the GSAMP 2007-HE2 TIP.

Respectfully submitted,

/s/ Christopher P. Johnson

Christopher P. Johnson
Counsel for Plaintiff
in *GSAMP 2007-HE1*
and *GSAMP 2007-HE2*

/s/ Richard Jacobsen

Richard Jacobsen
Counsel for Defendants
in *GSAMP 2007-HE1*
and *GSAMP 2007-HE2*

---

2 The Parties previously made one joint request for an adjournment of the Pretrial Conference (for each of the actions) when it was scheduled for June 14, 2019, which the Court granted.