# McKOOL SMITH

Christopher P. Johnson
Direct Dial: (212) 402-9416
cpjohnson@McKoolSmith.com

One Manhattan West
395 9th Avenue, 50th Floor
New York, NY 10001-8603

Telephone: (212) 402-9400
Facsimile: (212) 402-9444

March 24, 2020

**VIA ECF**

Hon. Alison J. Nathan, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2102
New York, New York 10007

RE: *U.S. Bank National Association, as Trustee of GSAMP Trust 2007-HE1 v. Goldman Sachs Mortgage Company L.P. & GS Mortgage Securities Corp.* (Case No. 1:19-cv-02305) [rel. 1:19-cv-02307]

Dear Judge Nathan:

We represent plaintiff U.S. Bank National Association, in its capacity as trustee (the "Trustee") of the GSAMP Trust 2007-HE1 (the "Trust") in this residential mortgage-backed securities ("RMBS") put-back action. On the Trustee's behalf, I write pursuant to Rule 2.C of this Court's Individual Practices to request an informal discovery conference regarding the "Borrower Information Provision" in Paragraph 29 of the proposed Protective Order attached hereto as Exhibit A. Defendants' counsel had initially proposed a nearly identical provision, but, months later, retracted their support for any such provision.[1] After the Trustee advised Defendants' counsel that, *inter alia*, both Defendants and their instant counsel had agreed to and/or advocated for a substantively identical provision in multiple other RMBS actions, Defendants' counsel on March 16, 2020 refused to discuss Paragraph 29 any further. (Ex. D at 1-4.) Other than Paragraph 29, the parties are in agreement with respect to Exhibit A.[2] The Trustee now seeks Court intervention to avoid unnecessary delay, burden and expense in the discovery process. Indeed, as discussed below, the great weight of authority, including prior protective orders entered by Your Honor, militates in favor of Paragraph 29.

The Trust contains over 3,600 loans originated in all 50 States and the District of Columbia (the "Loans"). As in the many other RMBS actions where provisions like it have been ordered, Paragraph 29 addresses compliance with, and authorizes exemptions from, "any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information," or "NPBI."[3] Ordering Paragraph 29 will allow both the parties and nonparties

[1] *See* Ex. B ¶ 14(a) & Ex. C (comparing Defendants' proposed provision to Paragraph 29 of Exhibit A).

[2] *See* Ex. D at 1-4, Ex. E at 1-4, & Ex. F. The proposed Protective Order at Exhibit A also includes minor edits to Paragraph 14(a)-(b) to comply with the February 3, 2020 revisions to Rule 4 of this Court's Individual Practices. Defendants have not yet agreed with those edits, but the Trustee does not anticipate any dispute.

[3] The Protective Order defines NPBI as "any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach Bliley Act (the "GLBA"), 15 U.S.C. § 6802, *et seq.* and its implementing

here to produce – under the Protective Order's strict confidentiality protections – the loan tapes, loan files, servicing files, and underwriting guidelines in their possession related to those Loans (together, "Loan Documents"), notwithstanding that those Loan Documents contain NPBI. On September 26, 2019, this Court so-ordered a stipulation permitting such "Loan File Discovery" to proceed while Defendants' motion to dismiss is pending (Dkt. No. 35) and, accordingly, the parties have served document requests and have *subpoenaed* dozens of non-parties. Defendants now seek to impede that discovery, knowing full well that parties and non-parties alike will refuse to produce Loan Documents in their possession without Paragraph 29's protections.[4]

Provisions similar to Paragraph 29 have been entered in nearly all RMBS-related litigations and *every* RMBS put-back case known to the Trustee. (*See* Ex. G (identifying provisions entered in federal and state courts).) Your Honor entered protective orders with a substantively identical provision in the *Ace Securities Corp. RMBS Litigation* actions (Ex. H ¶ 30) and in *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.* (Ex. I ¶ 11). As recently as March 2, 2020, the Honorable Vernon Broderick, U.S.D.J., entered protective orders containing a borrower information provision with protections *identical* to those proposed in Paragraph 29 in *two* RMBS put-back actions recently commenced by the Trustee. (Ex. J ¶ 29 & Ex. K ¶ 29.)

Defendants and their affiliates have not only agreed to provisions substantively identical to Paragraph 29 in at least five RMBS actions (*see* Ex. L (identifying provisions)), but they did so in *FHFA v. Goldman, Sachs & Co.*, an RMBS securities action before the Honorable Denise Cote, U.S.D.J., regarding *this very Trust*. *See* Civ. No. 11-6198, Dkt. No. 70 ¶ 41 (Amended Complaint identifying this Trust); Dkt. No. 57 ¶ 19 (borrower information provision in Judge Cote's protective order).

Moreover, as liaison counsel for dozens of defendants in RMBS actions pending in the Supreme Court of the State of New York, Commercial Division (the "Part 60 RMBS Actions"), Defendants' counsel has briefed, advocated for, and secured a substantively identical borrower information provision. (Ex. M; *id*. at 13 (defense counsel signature); Ex. N (entered protective order).) The successful brief by Defendants' counsel and others in the Part 60 RMBS Actions fully explains the legal basis for the disputed Paragraph 29. (*See* Ex. M at 3-7.) In short, while the GLBA restricts a financial institution's NPBI disclosure, it expressly permits disclosure without notice to borrowers in "respon[se] to judicial process," including discovery requests and *subpoenae* like those issued here. 15 U.S.C. § 6802(e)(8); *Marks v. Glob. Mortg. Grp., Inc.*, 218 F.R.D. 492, 496 (S.D.W. Va. 2003); *see also* 15 U.S.C. § 6802(e)(1)(C) (the GLBA does not prohibit disclosure "in connection with … a proposed or actual securitization" like the Trust here). Paragraph 29 also appropriately addresses the various state NPBI laws, where **(i)** some allow NPBI disclosure only after notice to or consent from the borrower or pursuant to a court order like the Protective Order sought here; **(ii)** others allow NPBI disclosure only with

---

regulations, including, *inter alia*, any portion of a mortgage loan file that includes financial, banking or credit information for any person together with personally identifiable information with respect to such person; and any other personal information for which federal or state law requires confidential treatment. (Ex. A ¶ 1(c).)

[4] As both parties explained in their September 25, 2019 joint letter to this Court submitting the so-ordered stipulation (Dkt. No. 35), "the Loan Documents form the predicate for the Trustee's claims," and "one must often collect every version of a loan file that may exist – *e.g.*, from sponsors, custodians, originators, and due diligence vendors – to ensure that one may assemble the most complete loan file possible." *See* Dkt. No. 34 at n.2.

permission from the borrowers or pursuant to a court-issued *subpoena*; **(iii)** others excuse notification or consent requirements if either a court order or a court-issued *subpoena* excuses it; and **(iv)** others require notice to the borrower of the subpoena or court order, unless a court has expressly waived or prohibited such notice. (*See* Ex. M at 4-6 (identifying states falling into these categories).) The Trustee stands ready to brief these issues directly to this Court, if necessary.

Absent Paragraph 29, the Loan Document discovery at the heart of this action cannot take place unless – to comply with the various state NPBI provisions – producing parties and non-parties **each** undertake the enormous, impracticable, and legally unnecessary burden and expense of providing notice to and/or obtaining consent from individual borrowers. This would necessarily delay the collection of Loan Documents, with cascading delays on not only the rest of fact and expert discovery, but all other proceedings to follow. Given that the Trust's Loans were securitized in 2007, it may not even be possible to locate certain borrowers, as, over the last 13 years, they may have moved or passed away or their contact information may have changed. Nor would it be possible for the parties and non-parties **each** to redact NPBI from the Loan Documents they would be producing, as – putting aside the cost and time associated with that effort – the parties need access to the NPBI so they can reunderwrite the Loans and develop proof in support of the allegation that Defendants breached their representations and warranties about the Loans. The prospect of imposing such indefinite delays and enormous costs – and generally throwing a wrench into the Trustee's prosecution of this action – presumably explains Defendants' about-face on Paragraph 29.

The sole basis Defendants have offered for their sudden refusal even to submit Paragraph 29 for consideration is that Magistrate Judge Kevin Fox rejected a similar provision in *Fed. Deposit Ins. Corp. for Citizens Nat'l Bank v. Credit Suisse First Bos. Mortg. Sec. Corp.*, Civ. No. 12-4000, 2017 WL 5466666 (S.D.N.Y. Oct. 27, 2017), and Eastern District Magistrate Judge James Orenstein restricted the scope of a borrower information provision in *United States v. Barclays Capital, Inc.*, Civ. No. 16-7057, 2017 WL 5054716, at *1-2 (E.D.N.Y. Nov. 2, 2017). (*See* Ex. D at 1-4.) This is a pre-text. Neither decision is controlling or dispositive here, neither was appealed to the respective District Judge, and neither case was an RMBS put-back action. Moreover, those decisions were issued years before Defendants initially proposed a borrower information provision here (Ex. B ¶ 14(a)), and notwithstanding those decisions, judges continued thereafter to enter protective orders with Paragraph 29's protections, including Judge Broderick as recently as three weeks ago. (Ex. J ¶ 29 & Ex. K ¶ 29.)

For the foregoing reasons, the Trustee respectfully requests that this Court convene an informal conference to discuss entering the proposed Protective Order, specifically including Paragraph 29's Borrower Information Provision.

Respectfully submitted,

/s/ Christopher P. Johnson

Christopher P. Johnson

Attachments
cc: Counsel for Defendants via ECF