# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAMP TRUST 2007-HE1,<br><br>Plaintiff,<br><br>-against-<br><br>GOLDMAN SACHS MORTGAGE COMPANY, L.P. and GS MORTGAGE SECURITIES CORP.,<br><br>Defendants. | Index No. 1:19-cv-02305<br>[rel. 1:19-cv-02307]<br><br>**[PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter comes before the Court for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d), limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by Plaintiff U.S. Bank National Association, in its capacity as trustee (the "Trustee") for the GSAMP Trust 2007-HE1 (the "Trust"), and defendants Goldman Sachs Mortgage Company, L.P. and GS Mortgage Securities Corp. ("Defendants" and together with the Trustee, the "Parties") or the Parties' respective counsel, or by any non-party, in the course of discovery in this matter to the extent set forth below (the "Order"). Having found that good cause exists,

IT IS HEREBY ORDERED that:

1. This Order is being entered to facilitate the production, exchange and discovery of documents and information that merit confidential or highly confidential treatment. This Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Action") in

connection with discovery in the Action (such information or material hereinafter referred to as "Discovery Material").

2. Any Party may designate Discovery Material in connection with the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" either by notation on the document, statement on the record of the deposition, written advice to counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all information designated as "CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains (i) non-public, confidential, business, strategic, personal, proprietary or commercially-sensitive information or (ii) Non-Party Borrower Information (defined below).

(b) "Highly Confidential Information" shall mean all information designated as "HIGHLY CONFIDENTIAL," that the Producing Party reasonably and in good faith believes constitutes and/or contains trade secrets, proprietary business information, or other information the disclosure of which would result in competitive, commercial, personal or financial harm to the Producing Party or its personnel, clients or customers if disclosed and such Discovery Material would not otherwise be adequately protected under the procedures set forth herein for Confidential Information.

(c) "Non-Party Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach Bliley Act, 15 U.S.C. § 6802, et seq. and its implementing regulations, including but not

limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial, medical, tax, banking or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number or place or position of work; any data that constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a; and any other personal information for which federal or state law requires confidential treatment. As set forth in paragraph 29 below, this Order authorizes the disclosure of such Non-Party Borrower Information in this Action.

(d) "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

(e) "Producing Party" shall mean the Party to this Action and/or any non-party producing Protected Information in connection with discovery in this Action, or the Party asserting the confidentiality designation, as the case may be.

(f) "Receiving Party" shall mean the Party to this Action and/or any non-party receiving Protected Information in connection with discovery in this Action.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential or Highly Confidential Information. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material. If the Producing Party agrees to declassify or change the designation of particular documents, it must promptly notify all

Receiving Parties that it is withdrawing or changing the designation. If the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order changing the designation of such Discovery Material. If no such motion is made, such documents or materials shall continue to be treated as Protected Information, with the same confidentiality designation as asserted by the Producing Party. If such motion is made, the Discovery Material shall be deemed Protected Information with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

5. In order to expedite the production of voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed review for confidentiality designation and may designate collections of documents that, by their nature, contain Confidential Information as "CONFIDENTIAL," notwithstanding that some of the documents within the collection may not qualify for such designation. A Party's "bulk" designation of documents shall not constitute a waiver of any Party's rights set forth in paragraph 16 or 19 of this Order. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular documents on the grounds that the document(s) do not qualify for protection, including as provided in paragraphs 4 and 23 of this Order. If a Party has produced documents in another action, investigation or other proceeding without detailed, or any, review to determine whether privilege or other immunity from discovery applies, no Party shall claim that production of those documents in such other action, investigation, or other proceeding constitutes a waiver of any privilege or protection with respect to the documents produced. For the avoidance of doubt, "bulk" designation of documents as "HIGHLY CONFIDENTIAL" is prohibited.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) personnel of the Parties actually engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) former personnel of the Parties actually engaged in assisting in the preparation of this Action for trial or other proceeding herein, if furnished, shown or disclosed in accordance with paragraph 8 hereof;

(c) counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

(d) expert witnesses in the Action; provided, however, that such Confidential Information is furnished, shown, or disclosed to them in accordance with paragraph 8 hereof, that any part of a report created by such experts relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information by the Party responsible for its creation, and that such experts may not use Confidential Information for any purpose that does not relate to this Action;

(e) third-party vendors or consultants retained by the Parties or their counsel to furnish technical, litigation support, or expert services in connection with this

Action, provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with paragraph 8 hereof and that such third-party vendors or consultants may not use Confidential Information for any purpose that does not relate to this Action;

(f) the Court and court personnel, if filed in accordance with paragraph 14 hereof;

(g) special masters, mediators, or other third parties appointed by the Court or retained jointly by the Parties for settlement purposes or resolution;

(h) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer;

(i) trial and deposition witnesses in the Action and their counsel, if furnished, shown or disclosed in accordance with paragraphs 11 and 12, respectively, hereof;

(j) any person or entity indicated on the face of a document, or by deposition or trial testimony, to be the author or recipient of the document, or to have otherwise had custody of the document(s) designated as Confidential Information;

(k) senior management and directors of the Parties having decision-making and settlement authority with respect to the Action or other proceedings herein and who have been advised of their obligations hereunder;

(l) in the event that the Court sanctions such use of Confidential Information by formal order, any person to whom disclosure of Non-Party Borrower Information is made for the purpose of verifying the borrower’s eligibility for, and representations made in connection with securing, the loan if such information is

furnished, shown or disclosed in accordance with the Court's order sanctioning such use of Confidential Information;

(m) any other person or entity agreed to by the Parties, ordered by the Court, or to whom disclosure is required by law, subject to the requirements of paragraphs 27 and 28.

7. No disclosure of Highly Confidential Information may be made to any person or entity other than:

(a) counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder. Disclosure to in-house counsel shall be limited to those in-house counsel providing legal advice in connection with this Action, and Highly Confidential Information may not be disclosed to any other officers, directors, employees or agents of a Party, including other in-house counsel. For the avoidance of doubt, Highly Confidential Information disclosed to such persons may not be used for any business or other purpose unrelated to the prosecution or defense of this Action;

(b) expert witnesses in this Action, provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof, that any part of a report created by such experts relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential Information by the Party responsible for its

creation, and that such experts may not use Highly Confidential Information for any purpose that does not relate to the Action;

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this Action, provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof and that such third-party vendors or consultants may not use Highly Confidential Information for any purpose that does not relate to the Action;

(d) the Court and court personnel, if filed in accordance with paragraph 14, hereof;

(e) special masters, mediators, or other third parties appointed by the Court or retained jointly by the Parties for settlement purposes or resolution

(f) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer;

(g) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 11 and 12, respectively, hereof;

(h) any person or entity indicated on the face of a document; or by deposition or trial testimony, to be the author or recipient of the document, or to have otherwise had custody of the document(s) designated as Highly Confidential Information;

(i) any other person or entity agreed to by the Parties to the Action, ordered by the Court, or to whom disclosure is required by law, subject to the requirements of paragraphs 27 and 28.

8. Before any disclosure of Protected Information is made pursuant to paragraphs 6(b), 6(d), 6(e), 7(b), or 7(c) hereof, counsel for the Receiving Party shall obtain from the intended recipient of the Protected Information such person's written undertaking, substantially

in the form of Exhibit A attached hereto, to comply with and be bound by its terms. The Receiving Party's counsel shall maintain all such undertakings. Notwithstanding the foregoing, any person or entity to whom Protected Information has been disclosed and who has been informed of the terms of this Order shall be bound to maintain the confidentiality of such Protected Information regardless of whether they have specifically agreed to be bound by this Order.

9. Except to the extent otherwise provided herein, Protected Information shall be utilized by the Receiving Party and its counsel only for purposes of this Action, and for no other purposes. The Receiving Party shall maintain any Non-Party Borrower Information that it receives hereunder in accordance with the Non-Party Borrower Information Law, as defined in paragraph 29 hereto, and any other applicable federal and state privacy laws.

10. All depositions shall presumptively be treated as Confidential Information subject to this Order during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Confidential Information or Highly Confidential Information by any Party to the Action or, where applicable, by the non-party providing the deposition testimony. Notwithstanding the foregoing, all depositions at which one or more documents designated as Highly Confidential are introduced as exhibits shall be presumptively treated as Highly Confidential Information and subject to this Order during the deposition and until thirty (30) days after the final transcript of said deposition is received by counsel for each of the Parties to the Action. At or before the end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future

purposes as Highly Confidential Information by any Party to the Action or, where applicable, by the non-party providing the deposition testimony.

11. Should the need arise for any Party to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information. The use of such material at hearings or at trial shall not cause such material to lose its status as Protected Information.

12. This Order shall not preclude counsel for the Parties from using Protected Information during any deposition in this Action, provided that, prior to any such use the disclosing Party shall: (a) inform the witness and others in the deposition room to whom disclosure is being made (unless disclosure is permitted as otherwise provided herein) of the terms of this Order; and (b) explain that the documents they are being shown are subject to this Order. For the avoidance of doubt, the procedure set forth in the immediately preceding sentence shall apply only to the extent disclosure is to be made during the deposition to persons other than those to whom disclosure is otherwise permitted pursuant to this Order. For the avoidance of doubt, notwithstanding the foregoing, the disclosure of Protected Information during any deposition shall not cause such material to lose its status as Protected Information.

13. A Party may designate as Confidential Information or Highly Confidential Information any Discovery Material produced or given by any non-party to this Action, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in the Action, in writing, of those documents that are to be stamped and treated as Confidential Information or Highly Confidential Information at any time up to thirty (30) days after actual

receipt of copies of those documents by counsel for the Party asserting the confidentiality designation. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential Information. In the case of testimony, designation shall be made by notifying all counsel in the Action, in writing, of those portions of a transcript which are to be stamped or otherwise treated as Confidential Information or Highly Confidential Information at any time up to thirty (30) days after the final transcript is received by counsel for the Party asserting the confidentiality designation.

14. As to the filing of Discovery Material that has previously been designated as comprising or containing Protected Information:

(a) Non-Party Borrower Information may be redacted without prior approval from this Court.

(b) A Receiving Party who seeks to file with the Court any Discovery Material which has previously been designated as comprising or containing Protected Information, or any pleading, brief or memorandum which reproduces, paraphrases or discloses Protected Information, shall provide all other Parties with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file a motion to seal such Protected Information and in accordance with the method of submission specified by Rule 4.B of this Court's Individual Practices. The Protected Information shall only be filed on ECF with redactions until the Court renders a decision on the motion to seal.

(c) As an alternative to the procedure set forth in paragraph 14(b), any Party may file with the Court any documents previously designated as comprising or containing

Protected Information in accordance with Rule 4 of this Court's Individual Practices.

(d) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Discovery Material which has previously been designated by a Party as comprising or containing Protected Information, shall identify such documents by the production number ascribed to them at the time of production.

(e) A Receiving Party who seeks to file with the United States Court of Appeals for the Second Circuit, any Protected Information shall do so in a manner designed to protect the confidentiality of such Protected Information, commensurate with the then-effective rules and procedures of the United States Court of Appeals for the Second Circuit. Subject to compliance with these rules when filing with the United States Court of Appeals for the Second Circuit, any document containing Protected Information filed with this Court pursuant to paragraph 14(a), paragraph 14(b) or paragraph 14(c) shall be deemed part of the official record on appeal.

15. Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

16. Any Discovery Material that may contain Protected Information that has been inadvertently produced without identification as to its protected nature as provided in paragraphs 2 and/or 13 of this Order, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Extracts and summaries of Protected Information shall also be treated as Protected Information in accordance with the provisions of this Order.

18. The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Action or in any other action.

19. A Producing Party's inadvertent production of any documents in this Action shall be without prejudice to a Producing Party's claim that such material contains or reflects information protected by any privilege or immunity from discovery ("Privileged Documents"), and no Party shall have waived any claims or arguments due to inadvertent production. If any document is subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege ("Inadvertently Disclosed Information") were inadvertently produced, the Producing Party will be entitled to "clawback" this Inadvertently Disclosed Information and to have all copies of it either returned or destroyed by the Receiving Party. In order to claw back Inadvertently Disclosed Information purportedly protected from disclosure by privilege that was produced inadvertently, the Parties must promptly do as follows:

(a) The Producing Party must provide notice in writing to the Receiving Party specifying the production number of (or otherwise identifying with sufficient specificity) the Discovery Material it wishes to claw back, and the basis of the claim of privilege relied upon in support of its claw back request;

(b) The Receiving Party must use reasonable efforts to destroy or return to the Producing Party all copies of the inadvertently produced Discovery Material in its possession, custody or control. If the Receiving Party produced such Discovery Material to other persons, the Receiving Party shall also take reasonable steps to

request that such persons return and/or destroy the inadvertently produced Discovery Material;

(c) The Producing Party will still be required to provide a privilege log for such information to the Receiving Party, and the privilege designation may be challenged consistent with the law and as otherwise set forth in this Protective Order.

(d) Notwithstanding the provisions set forth above, if the Receiving Party or Parties dispute(s) the Producing Party's claim of privilege or believe(s) the privilege has been waived, the Receiving Party shall promptly sequester the inadvertently produced Discovery Material, including all copies, and the Parties shall, within ten (10) business days, meet and confer in a good faith attempt to resolve the dispute. If the Parties cannot resolve the issue after meeting and conferring, the Receiving Party may submit the Disputed Material, under seal, for *in camera* review by the Court for determination of the claim of privilege via a motion to compel.

20. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly, after discovery of the disclosure by counsel of record: (a) notify the Producing Party of the unauthorized disclosure(s) in writing; (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"); (c) inform the Unauthorized Recipient(s) of all the terms of this Order; and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

21. Up to and including the date upon which the Court enters a final judgment in the Action (not including any time for appeal) or the date upon which the Action is resolved by final settlement, the Parties would not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Order by either Party and that, under such circumstances, the Parties to the Action will be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

22. Except to the extent that federal law may be applicable, this Order shall be governed by, and construed in accordance with, the laws of the State of New York, including its statutes of limitation, without giving effect to its principles or rules regarding conflicts of laws. The provisions of this Order shall be binding upon the Parties to the Action. All modifications of, waivers of and amendments to this Order must be in writing and signed by, or on behalf of, the Parties to the Action.

23. This Order is entered without prejudice to the right of any Party to seek relief from, or modification of, this Order or any provisions thereof (including to seek or agree to different or additional protection for any particular material or information) by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

24. This Order has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Action.

25. In the event that additional Parties join or are joined in this Action, they shall not have access to Protected Information until the newly joined Party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

26. The Parties are bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same penalties and sanctions as if this Order had been entered by the Court.

27. If a Receiving Party is served with a subpoena or a court order that compels disclosure of any Protected Information produced by a Producing Party and that the Receiving Party obtained under this Order (the "Demand"), that Receiving Party must, within seven (7) business days of determining that the Demand calls for production of such Protected Information, notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order, and the Receiving Party shall promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material sought by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order. The Producing Party shall, in turn, notify in writing the Receiving Party of its intention to move to quash the relevant subpoena or seek a protective order in respect of the relevant Protected Information within seven (7) days of receiving written notification from the Receiving Party of the at-issue subpoena or court order. The Receiving Party shall not produce any Protected Information in response to the Demand until after the passage of this (7) day period (to provide the Producing Party the opportunity to take any steps available to it under the law to challenge the Demand). And if the Producing Party notifies the Receiving Party of its intention to move to quash or seek a protective order, and if the Producing Party does timely move to quash or seeks a protective order from a court of competent jurisdiction, the Receiving Party shall not produce

any Protected Information in this Action before a determination by that court, unless the Receiving Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

28. To the extent a Receiving Party is required to disclose Protected Information produced in the Action, without a subpoena or other form of legal process, by a regulatory or supervisory agency exercising its visitorial powers pursuant to 12 U.S.C. § 484 and/or 12 C.F.R. § 7.4000 or pursuant to state insurance law ("Regulatory Demand"), and compliance with the Regulatory Demand renders the Party unable to comply with paragraph 27 hereof, the Party may comply with the Regulatory Demand and shall give prompt written notice by hand or electronic or facsimile transmission as soon as is practicable following receipt of the Regulatory Demand and no later than the time at which the Party produces the Producing Party's Protected Information in response to a Regulatory Demand, unless the Receiving Party is prohibited by law from providing notice of the Regulatory Demand to the Producing Party.

29. To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement. To the extent any Non-Party Borrower Information Law requires a Producing Party, including third-parties, to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Non-Party Borrower Information, the Court finds that, in view of the protections provided for such information disclosed in this Order, the volume of documents to be

produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the Producing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information. To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Order, the volume of documents to be produced and the ongoing oversight of the Court, the Producing Parties are explicitly prohibited from providing such notice; provided, however, that this Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

30. To the extent that and only in the event that such disclosure is approved by the Court, nothing herein shall prevent any Receiving Party from disclosing Protected Information (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants or independent public auditors of the Receiving Party in confidence, as and only to the extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including SEC and regulatory filings, and other regulatory requests.

31. For the avoidance of doubt, nothing herein shall preclude outside or in-house counsel from giving advice to his or her client that is a Party to this Action or personnel of the holders of certificates in the Trust that are directing the Trustee to pursue the Action that includes

a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Order.

32. Any Party, in conducting discovery from non-parties in connection with the Action, shall provide any non-party from which it seeks discovery with a copy of this Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Order as held by the Parties. For the avoidance of doubt, non-parties may designate Discovery Material as Confidential or Highly Confidential pursuant to paragraphs 3(a) and 3(b) as set forth herein.

33. The provisions of this Order shall, absent prior written consent of all Parties to the Action or order of a court with competent jurisdiction, continue to be binding after the conclusion of the Action, except that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Order.

34. Nothing herein shall be deemed to waive any privilege or immunity recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts, documents, or information revealed in the course of discovery. Moreover, nothing herein shall be construed as waiving any right to assert an objection on the basis of relevance, overbreadth, undue burden, or other ground. Access to all materials (whether designated as Confidential or Highly Confidential or neither) shall be only as provided by the discovery rules and other applicable law.

35. Within sixty (60) days after the final termination of this Action by settlement (including, to the extent applicable, final court approval of such settlement) or exhaustion of all

appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed by the Receiving Party, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly. In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within sixty (60) days of the final termination of this Action that it has undertaken its best efforts to destroy such physical objects and documents in a manner designed to protect against inadvertent disclosure of Protected Information, and that such physical objects and documents have been destroyed to the best of its knowledge. The obligation to destroy electronically-stored information shall be construed to require reasonable measures, and shall not be construed to require the violation of any legal obligation to retain records or the deletion of information from backup systems or other electronic storage systems that are not reasonably accessible. Notwithstanding anything to the contrary, counsel of record for the Parties to the Action may retain copies of documents constituting work product, reports, pleadings, motion papers, discovery responses, deposition and trial transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this Action, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters. For the avoidance of doubt, experts, third-party vendors and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

36. Neither the taking of nor failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission, shall constitute a waiver of any substantive claim or defense in trial of, or other proceedings in, the Action.

37. The Receiving Party agrees to use Discovery Material produced to it in the Action solely for purposes of the Action (and other action(s) to the extent such use is permitted by order of the Court); provided, however, that nothing in this paragraph shall impose a limitation on use of materials that are otherwise publicly available.

38. Any application to the Court under or regarding this Order shall be made pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

39. The Court will not retain jurisdiction after conclusion of the Action for enforcement of this Order.

**SO ORDERED:**

______________________________
The Honorable Alison J. Nathan
United States District Judge

[_____________], 2020

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. BANK NATIONAL ASSOCIATION, as Trustee for GSAMP TRUST 2007-HE1,

Plaintiff,

-against-

GOLDMAN SACHS MORTGAGE COMPANY, L.P. and GS MORTGAGE SECURITIES CORP.,

Defendants.

Index No. 1:19-cv-02305
[rel. 1:19-cv-02307]

**UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION**

I, ____________________ , state that:

1. My business address is, ______________________________________________

______________________________________________________________________

2. My present employer is ________________________________

______________________________________________________________________

3. My present occupation or job description is ____________________________

__________________________________

4. I have received a copy of the Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-captioned action on______________________________________________________________

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to any one not qualified under the Order, and will use only for purposes of this action, any Confidential or Highly Confidential

Information that is disclosed to me. I understand that certain of the Confidential or Highly Confidential Information that is disclosed to me may constitute material non-public information and I agree not to use this information in connection with the purchase or sale of any securities.

8. At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential and Highly Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Information.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: ________________________ ________________________________